UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-175-RJC

| | |
|---|---|
| IN RE:<br><br>BARRY W. LANCETT,<br><br>      Debtor/Appellant,<br><br>v.<br><br>WARREN L. TADLOCK,<br><br>      Trustee/Appellee. | **ORDER** |

**THIS MATTER** comes before the Court on Appellant's Emergency Motion to Suspend Rules of Appeal (Doc. 3) and Emergency Motion to Shorten Time for Notice and Hearing (Doc. 4). As a separate matter, the Deputy Clerk filed a Memorandum requesting this Court to advise the Bankruptcy Court of the issues to be presented and items included in the record as Appellant has failed to do so under Rule 8006. FED. R. BANKR. P. 8006. (Doc. 5). These matters are ripe for review.

    A.    Motion to Stay Foreclosure

On February 5, 2014, Appellant, who has been proceeding pro se in this matter, filed a "Motion to Extend Automatic Stay and Emergency Motion to Shorten Time." (Case No. 14-30104: Bankr. Doc. 23). On May 1, 2014, the Bankruptcy Court held a hearing on the Motion to shorten time and to stay foreclosure proceedings on Appellant's residence pending appeal and denied both motions. (Bankr. Doc. 59). Specifically, the Bankruptcy Judge found that Appellant had not satisfied the required elements for an emergency stay as he did not provide

any reason for the court to believe his appeal would be likely to succeed on its own merits. (Id.). In so holding, the Bankruptcy Judge noted that "[t]he court supports the public interest by preventing debtors from abusing the bankruptcy system in order to delay creditors' non-bankruptcy remedies through meritless litigation." (Id.).

This Court concurs with the Bankruptcy Court and denies Appellant's motion to stay (Doc. 4). A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). As noted by the Bankruptcy Court, in order to prevail on its motion for a stay, Appellant must demonstrate, among other things, that he is likely to succeed on the merits. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Here, the facts alleged by Appellant are not sufficient to demonstrate a likelihood of success on the merits and the Court finds that Appellant has not met his burden for establishing proper grounds for injunctive relief. Ultimate discretion to grant or deny injunctive relief lies with the district court; here the Court agrees with the findings of the Bankruptcy Court and declines to exercise its discretion to issue injunctive relief in the form of a stay. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 545 (4th Cir. 2007).

B. Motion to Suspend Rules

Appellant appeals to suspend the rules of Appellate procedure to correct defects in service of process and pleadings. Appellant likewise requests this Court to "wave bond requirement if any is required since Appellant does not have the means, income, or resources" to pursue an appeal otherwise. (Doc. 4 at 14).

On June 16, 2014, the Court granted Appellant an extension to file his brief. In granting such extension, the Court recognizes the latitude afforded to pro se litigants.

Accordingly, the Court will allow Appellant until July 9, 2014 to correct any deficiencies in any pleadings, filings or service of process. Further, the Court grants Appellant's request to proceed without a bond. With the exception of leave to correct any existing deficiencies, the Court denies Appellant's motion to suspend the Federal Rules of Appellate Procedure. Appellant shall have until July 9, 2014 to file his brief in this case.

Finally, along with his brief, Appellant shall submit, under Federal Rule of Appellate Procedure 8006, a list of items to be included in the record.

**IT IS THEREFORE ORDERED THAT**:

1) Appellant's Emergency Motion to Suspend Rules of Appeal (Doc. 3) is **GRANTED in part and DENIED in part**. Appellant shall not be required to post a bond. Likewise, Appellant shall have until July 9, 2014 to file its brief and to correct any deficiencies in pleadings, briefs, and service of process; however the Rules of Appellate Procedure remain otherwise in full effect. Additionally, Appellant shall submit along with its brief a list of items to be included in the record under Federal Rule of Appellate Procedure 8006.

2) Appellant's Motion to Shorten Time for Notice and Hearing (Doc. 4) is **DENIED.**

Signed: June 17, 2014

Robert J. Conrad, Jr.
United States District Judge