UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-175-RJC

| | |
|---|---|
| IN RE BARRY W. LANCETT,<br><br>Debtor.<br><br>BARRY W. LANCETT,<br><br>Appellant,<br><br>v.<br><br>WARREN L. TADLOCK, Trustee for the Bankruptcy Estate of Barry W. Lancett,<br><br>Appellee. | **<u>ORDER</u>** |

**THIS MATTER** comes before the Court on the Notice of Appeal (Doc. No. 1), filed on April 11, 2014 of Barry W. Lancett (Appellant), Appellant's Supporting Briefs (Doc. No. 11,13), and Warren L. Tadlock's (Appellee) Responsive Brief. (Doc. No. 12). This Court reviews the Order issued by the Bankruptcy Judge, (Order) Case No. 14-30104 (Bankr. Doc. No. 44).

**I.     BACKGROUND**

The Appellant filed a pro se petition for relief under Chapter 13 of Title 11 on September 3, 2013.[1] On October 11, 2013, the Appellee filed an Objection to Confirmation and Motion to Dismiss. (Bankr. Doc. No. 23, 24). The Appellee's Objection to Confirmation and Motion to Dismiss were set for hearing on November 26, 2013. (Bankr. Doc. No. 27). On November 13, 2013 US Bank National Association filed a Motion for Relief from Stay with Notice of Hearing. (Bankr. Doc. No. 29). The response deadline was November 30, 2013 with a hearing set for

---

[1] Appellant's case was assigned case number 13-31898 and the Appellee was appointed as Trustee for the bankruptcy estate.

1

December 10, 2013, should a hearing be requested or an objection filed. (Id.) On November 25, 2013, the Appellant filed a Petition for Voluntary Dismissal and on the same day the Bankruptcy Court issued their Notice and Order of Voluntary Dismissal. (Bankr. Doc. No. 30, 31).

On January 22, 2014, the Appellant filed a second pro se petition for relief under Chapter 13 of Title 11.[2] (Bankr. Doc. No. 1). This second petition was filed 58 days following the date of entry of the order dismissing the Appellant's previous case. On February 26, 2014, the Appellee filed a Motion to Dismiss the Appellant's case based on 11 U.S.C. Section 109(g)(2) and set for hearing on March 25, 2014. (Bankr. Doc. No. 29). On March 28, 2014, after notice and hearing, the Bankruptcy Court issued an "Order Dismissing Case" under Section 109(g)(2). (Bankr. Doc. No. 44).

On April 10, 2014 the Appellant filed a Notice of Appeal of the Bankruptcy Court's Order dismissing the case. (Doc. No. 1), asserting that the Bankruptcy Court committed an error of law in granting the Appellee's Motion to Dismiss. (Id.)

## II.     STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). Courts in this circuit apply two standards of review for bankruptcy appeals: "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." Campbell v. Hanover Ins. Co., 457 B.R. 452, 456 (W.D.N.C. 2011). "Typically, mixed questions of law and fact are also reviewed *de novo*." Suntrust Bank v. Den-Mark Const., Inc., 406 B.R. 683, 686 (E.D.N.C. 2009); see In re Litton, 330 F.3d 636, 642 (4th Cir. 2003). The facts regarding this matter are undisputed.

## III.    DISCUSSION

---

[2] Appellant's second petition was assigned case number 14-30104 and the Appellee was again appointed the Trustee for the bankruptcy estate.

The main issue before the Court in this case is whether Section 109(g)(2) denies the protections granted by the Bankruptcy Code to Appellant. Section 109(g) of the Bankruptcy Code provides in pertinent part, "[N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if…the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109(g)(2). The language of this statute is plain and unambiguous. The United States Supreme Court has firmly held that it prefers for lower courts to "presume that a legislature says in a statute what it means, and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-254 (1992).

Here, the plain language of Section 109(g)(2) bars Appellant from filing this case. Appellant unquestionably filed his second bankruptcy petition within 180 days of the voluntary dismissal of his prior case, case number 13-31898. Appellant requested and obtained a voluntary dismissal of his previous case on November 25, 2013. Prior to Appellant obtaining a voluntary dismissal, US Bank National Association filed a request for relief from automatic stay in case number 13-31898. The Appellant then proceed to file a second petition for relief under Chapter 13 of Title 11 on January 22, 2014. This case was filed only 58 days following the date of entry of the order dismissing the Appellant's previous case. Thus, Appellant was ineligible under Section 109(g)(2) to be a debtor under Title 11.

The Appellant asserts that the application of Section 109(g)(2) would unjustly enrich US Bank. The Appellant chose to voluntarily dismiss his case shortly after a Motion for Relief was filed and did not respond or object to the Motion for Relief when Appellant had an opportunity to litigate the Motion. This Court finds that the plain meaning of Section 109(g)(2) is dispositive

on these facts.

Appellant further argues that the Bankruptcy Court erred by dismissing the debtor pursuant to Section 109(g)(2) without first determining if the party filing for relief from the automatic stay was an interested party. Appellant contends that under Section 362 only a "party in interest" may file a request for relief from the automatic stay and the party must prove the validity of their claim. This Court agrees with the Bankruptcy Court's statement that, "[US Bank National Association's] standing to file a motion in a closed case is entirely irrelevant to the Motion filed by the Chapter 13 Trustee in this case." (Doc. No. 1). Appellant had an opportunity to challenge standing for the motion when it was filed in the prior case; instead, Appellant moved to dismiss the case. The Appellant's assertion is therefore moot. Even if not considered moot, it is clear from the record that US Bank National Association holds title to Appellant's real property described in a Deed of Trust that was properly recorded in the Union County Register of Deeds. (Bankr. Doc. No. 29).

Appellant also asserts that the Bankruptcy Court's dismissal of Appellant's second petition should be reversed simply because the 180 day requirement of Section 109(g)(2) has been exceeded during the Appeals process. The time frame between Appellant's voluntary dismissal and filing of a new case is undisputed. The 58 day time frame violates the statutory 180 day requirement of Section 109(g)(2).

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. The Bankruptcy Court's "Order Dismissing Case" (Bankr. Doc. No. 44) (Doc. No. 1-1) is **AFFIRMED.**

2. The clerk of court is directed to close this case.

Signed: March 12, 2015

Robert J. Conrad, Jr.
United States District Judge